<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
ROY F. SUTTON,                                          :
                                                        :
    Plaintiff,                                          :
                                                        :   Civ. No. 05-3125 (DRD)
    v.                                                  :
                                                        :
NEW CENTURY FINANCIAL SERVICES;                         :   <u>OPINION</u>
PRESSLER & PRESSLER; GERALD J. FELT,                    :
ESQUIRE; STEVEN P. MCCABE, ESQUIRE;                     :
ROBERT P. BEAKLEY, ESQUIRE; JEFFREY                     :
J. WALDMAN, ESQUIRE; and DARYL F.                       :
TODD, J.S.C.,                                           :
                                                        :
    Defendants                                          :
                                                        :
------------------------------------------------------------x

Mr. Roy F. Sutton
210 Upland Avenue
Galloway, New Jersey 08205

    *Pro Se* Plaintiff

Peter C. Harvey
Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
By Diane Lamb, Esq.
Deputy Attorney General

    Attorneys for Defendants the Honorable Daryl F. Todd, Sr., Robert P. Beakley, and Jeffrey J. Waldman

1

**DEBEVOISE, Senior District Judge**

This matter is before the Court on Defendants', the Honorable Daryl F. Todd, Sr., Robert P. Beakley, Jeffrey J. Waldman (together "Defendants"), motion to dismiss Plaintiff's, Roy F. Sutton, Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff filed his Complaint with this Court on June 20, 2005 alleging violations of the Fair Debt Collection Practice Act, violations of 42 U.S.C. § 1983, breach of an insurance contract, breach of the implied covenant of good faith and fair dealing. He seeks the entry of an order 1) enjoining enforcement of an arbitration judgment, 2) granting compensatory and punitive damages, and 3) costs and attorneys fees under 15 U.S.C. § 1692k(a)(3). On July 28, 2005, Defendants filed their motion to dismiss Plaintiff's claims for alleged violations of 42 U.S.C. § 1983.

I. Background

The following facts are those alleged in the Complaint and must be accepted as true for the purposes of the motion. Plaintiff obtained a GM credit card from Household Bank of Nevada ("HBN") and maintained disability and life insurance coverage with the card through Household Life Insurance ("HLI"), a subsidiary of HBN. On August 1, 1999, Plaintiff was involved in a motor vehicle accident and became disabled. Upon becoming disabled, Plaintiff exercised the credit disability coverage associated with the GM credit card.

After the accident, HLI made partial and late payments and its actions resulted in Plaintiff incurring late fees and over the limit charges. Plaintiff alerted HBN and HLI of his concerns after which the late fees and over-limit charges were removed. HBN eventually lowered

Plaintiff's credit limit, closed Plaintiff's account and placed it in collection; but it continued to charge Plaintiff for the credit disability insurance, over-limit charge and late charge assessments.

Defendant New Century Financial Services purchased HBN's bad debt, and on July 23, 2004, through its attorneys, Defendants Presler & Presler, it filed a collection action in the Superior Court of New Jersey, Special Civil Part, seeking an award of $4,569.52.  Thereafter, Plaintiff filed his answer and counterclaim and moved for transfer of the action to the Law Division.[1]  On September 26, 2004 Judge William Todd granted Plaintiff's motion to transfer the matter to the Law Division.

When Plaintiff received notice that Judge Todd would be handling pretrial matters, he moved for recusal because Judge Todd had previously presided over a personal injury motor vehicle case.  In or around March 2005, Judge Todd denied that motion as well as Plaintiff's subsequent motion for reconsideration, noting that there was no reason the court could not be fair and impartial in the matter.

Plaintiff then served Defendants with discovery requests and when Defendants failed to answer, he moved to compel discovery.  Judge Todd denied Plaintiff's motion to compel and an arbitration hearing was scheduled for March 24, 2005.  Prior to the arbitration hearing, on February 11, 2005, Plaintiff filed a motion to compel discovery, extend discovery, adjourn arbitration and for leave to amend counterclaim.  On or about March 21, 2005, Judge Todd denied Plaintiff's motion *in toto*.

On March 22, 2005, Plaintiff withdrew his counterclaim.  On March 24, 2005, attorney

---

[1] Plaintiff sought transfer because the jurisdictional limit in the Special Civil Part was $15,000 and the jurisdictional limit in the Law Division was $75,000.

Steven McCabe of Pressler & Pressler appeared before defendants Beakley and Waldman, both arbitrators for the Superior Court of New Jersey. At the hearing, Defendant New Century Financial Services was awarded a total of $4,014.64. On or about May 27, 2005, Judge Todd entered an order confirming the arbitration award.

Plaintiff contends, *inter alia*, that "[t]he entry of judgment...without jurisdiction was done with malice, intent, willful, reckless, wanton disregard for plaintiff's rights and guarantees under the Fourteenth Amendment and for the purpose [of] obtaining payment of a known illegal debt and are outrageous, reprehensible, and so deliberately and egregiously done as to shock the conscience", and "Defendant Judge and Members of the Bar have encouraged, tolerated, ratified and/or have been deliberately indifferent to cited misconduct of private party, New Century, and as such have abused the public trust and their sworn oath." Complaint ¶¶ 60-61.

Defendants advance three defenses which are the grounds for their motion to dismiss: 1) this Court lacks subject matter jurisdiction over this matter according to the *Rooker-Feldman* abstention doctrine, 2) they are entitled to judicial immunity and 3) they are entitled qualified immunity.

## II. Discussion

A. Standard - Motion to Dismiss

Pursuant to Rule 12(b)(6), a complaint shall be dismissed for failure to state a claim upon which relief can be granted only if a court finds "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46 (1957); *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980); *Craftmatic Sec. Litig.*

4

*v. Kraftsow*, 890 F.2d 628, 634 (3d Cir. 1989). Allegations contained in the complaint will be accepted as true, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), and the plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991). The court is limited to facts contained and alleged in the complaint and may not consider facts raised for the first time by parties in legal briefs. *Hauptmann v. Wilentz*, 570 F. Supp. 351, 364 (D.N.J. 1983), aff'd without opinion, 770 F.2d 1070 (3d Cir. 1985). The Court will accept as true and view in the light most favorable to the non-moving party, in this case Plaintiff, the allegations contained within the Complaint. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000).

B.  § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must prove a violation of a right secured by the United States Constitution and the laws of the United States and show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Success in a § 1983 action requires proof of actual and specific conduct by a state actor which violated a plaintiff's constitutional or federal statutory rights.

Plaintiff alleges Defendants denied him due process of law in violation of the Fourteenth Amendment when Beakley and Waldman entered judgment against him and when Judge Todd signed the confirmation of the arbitration award.[2] It is unnecessary to address the merits of Plaintiff's claims, because the doctrine of judicial immunity requires that the Complaint against

---

[2] Under New Jersey procedures the arbitrators Beakley and Waldman filed their award with the court and because Plaintiff did not request a trial, Judge Todd entered a judgment on the award.

these three defendants be dismissed.

C. <u>Absolute Immunity</u>

Judicial immunity benefits the "public, whose interest it is that the judges should be at liberty to exercise their functions without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Dole Food Co. v. Patrickson*, 538 U.S. 468, 479 (2003). Absolute judicial immunity is needed because the burden of litigation may lead to intimidation. *Clinton v. Jones*, 520 U.S. 681, 721 (1997). 42 U.S.C. § 1983 does not impose liability on individuals entitled to judicial immunity. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. at 554. "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge will not be deprived of immunity if he acted in error or if his actions exceeded his authority. *Mireles v. Waco*, 502 U.S. 9, 11(1991); *Pierson v. Ray*, 386 U.S. at 554.

Plaintiff contends that Judge Todd committed a property deprivation without jurisdiction and due process. The allegations of the Complaint establish that Judge Todd took the following actions in Plaintiff's case: 1) he granted Plaintiff's request to transfer his case to the law division, 2) he denied Plaintiff's motion for recusal, 3) he denied Plaintiff's motion for reconsideration of the order denying Plaintiff's request for recusal, 4) he denied Plaintiff's motion to compel discovery, 5) he denied Plaintiff's motion to compel discovery, extend discovery, adjourn arbitration and for leave to amend counterclaim, and 6) he entered an order confirming the arbitration award. All of the aforementioned are acts that might ordinarily be performed within Defendant Todd's capacity as a judge. Accordingly, Judge Todd is entitled to judicial immunity in this case.

Plaintiff counterclaimed for an amount of loss sufficiently great so that this case had to be transferred from the Small Claims Court to the Law Division of the Superior Court, in which the arbitration proceeding was pursued. He asserts that when two days before the scheduled arbitration hearing he voluntarily dismissed his counterclaim the case should have been transferred back to the Small Claims Court and the arbitrators lost jurisdiction to proceed. Under New Jersey Court Rules, however, in order to remove a matter from arbitration a party must submit a certification to the arbitration administrator within fifteen days of the scheduling of the case for arbitration. R. 4:21A-1(c)(1). If a party seeks to remove a case from arbitration subsequent to fifteen days after the notice of hearing, a formal motion must be made to the Civil presiding Judge or designee. R. 4:21A-1(c)(2). Plaintiff took neither of those steps, and consequently the case remained in arbitration, notwithstanding the fact that in view of the lesser amount in controversy it could have been heard in the Small Claims Court.[3] Judge Todd,

---

[3] The initial removal of his case was proper pursuant to R. 6:4-1(b) because it was likely that the recovery would exceed the Special Civil Part monetary limit. *See Splash of Tile, Inc. v. Moss*, 357 N.J.Super. 143, (2003). However, Plaintiff contends that pursuant to R. 6:4-1(e), the Law Division and therefore defendants did not have jurisdiction over his case after withdrawal of his counterclaim and that his case should have been transferred back to the Special Civil Part. R. 6:4-1(e) provides in part:

> Upon the settlement or dismissal of a Law Division action with which a Special Civil Part action has been consolidated, the Law Division on its own motion or the motion of a party may remand the action for trial in the Special Civil Part…If the plaintiff in a Special Civil Part action so transferred or consolidated is the prevailing party, the Law Division on plaintiff's or its own motion may remand the action to the Special Civil Part…

Plaintiff incorrectly suggests that his case had to be transferred back to the Special Civil Part upon withdrawal of his counterclaim. Such a transfer would be discretionary and is not one which would have been required.

throughout the course of this case, including his signature on the arbitration award, was performing normal judicial functions within his jurisdictional powers. He performed these functions in his court or chambers, and they centered around Plaintiff's case then pending before him. In these circumstances he is entitled to absolute judicial immunity, and the Complaint against him must be dismissed.

The Court of Appeals for the Third Circuit has held that arbitrators are entitled to immunity analogous to judicial immunity. *See Cahn v. Int'l Ladies' Garment Union*, 311 F.2d 113 (3d Cir. 1962). In *Cahn,* the defendant, an arbitrator, decided a dispute between an employer and union. The plaintiffs brought suit alleging, *inter alia,* that the defendant engaged in unlawful activities by compelling plaintiffs to adhere to and maintain certain contract provisions that violated federal statutes. The Court of Appeals held:

> [T]he allegations of the said paragraphs are based upon the conduct of the appellee in his capacity as arbitrator; that in so functioning he was performing quasi-judicial duties and was *** clothed with immunity, analogous to judicial immunity, against actions brought by either of the parties arising out of his performance of his *** duties. *Id*. at 115.

Under the Court of Appeals holding in *Cahn*, Defendants Beakley and Waldman are also entitled to immunity analogous to judicial immunity and will be dismissed from the case.

### III. Conclusion

For the reasons set forth above the Complaint against Judge Todd and Defendants Beakley and Waldman will be dismissed with prejudice. An appropriate order will be entered.[4]

---

[4] The moving defendants also moved to dismiss on the ground that they were protected by the doctrine of qualified immunity. In view of the fact that each is entitled to judicial immunity it is unnecessary to address that argument. Further, the moving defendants argue

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 15, 2005

---

persuasively that the Court should abstain by virtue of the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Supreme Court recently decided the limits of that doctrine, holding that it applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1521-1522 (2005). This case would seem to meet all of the criteria for application of the *Rooker-Feldman* doctrine.