NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| Roy F. Sutton, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 05-3125 (DRD) |
| | : | |
| v. | : | |
| | : | |
| New Century Financial Services, et. al, | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |

---

Roy F. Sutton
210 Upland Avenue
Galloway, New Jersey 08205

*Plaintiff Pro se*

Steven P. McCabe, Esq.
PRESSLER & PRESSLER
16 Wing Drive
Cedar Knolls, New Jersey 07927

*Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff filed his Complaint with this Court on June 20, 2005 alleging violations of the Fair Debt Collection Practice Act, violations of 42 U.S.C. § 1983, breach of an insurance contract, and breach of the implied covenant of good faith and fair dealing. On July 28, 2005, the Defendants against whom the § 1983 claims were alleged filed a motion to dismiss. On

September 15, 2005, that motion was granted and the complaint against those defendants was dismissed. In the meantime, on August 9, 2005, the remaining Defendants, New Century Finanacial Services, Pressler & Pressler, Gerard Felt, and Steven McCabe, filed their Answer. Plaintiff now seeks leave to amend his complaint.

## II.  BACKGROUND

Counts One through Ten of Plaintiff's proposed amended complaint are nearly identical to Plaintiff's original complaint. However, the new complaint adds Counts Eleven through Fourteen which include claims against proposed Defendants TJA/ALLSERVE, The Law Firm of Laurence A. Hecker, and Mr. Hecker individually ("Proposed Defendants"). Those claims are as follows: (11) violation of the Fair Debt Collection Practice Act; (12) breach of fiduciary duty by broker/agent; (13) breach of fiduciary duty by insurer; (14) breach of the implied covenant of good faith and fair dealing.

## III.  DISCUSSION

**Standard for Leave to Amend under Fed. R. Civ. P. 15(a)**

Under Fed. R. Civ. P. Rule 15(a), a party should be granted leave to amend its pleading when justice so requires. The Third Circuit has consistently held that "leave to amend should be granted freely . . . and court[s] should use 'strong liberality' in considering whether to grant leave to amend." Dole v. Arco Chemical Co., 921 F.2d 484, 486-487 (3d Cir. 1990)(citations omitted). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. Id. However, such liberality is not limitless. Several factors weigh against granting leave to amend. Those factors include, undue delay, bad faith, undue prejudice and futility of amendment.

Futility of amendment is defined as the inability to survive a motion to dismiss. <u>Oran v. Stafford</u>, 226 F. 3d 275, 291 (3d Cir. 2000). Thus evaluating futility involves application of the same standard of legal sufficiency that applies under Rule 12(b)(6).

**Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73. Allegations contained in the Complaint will be accepted as true, <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1405 (3d Cir. 1991). However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law. <u>Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.</u>, 836 F.2d 173, 179 (3d Cir. 1988).

**Count Eleven**

Defendants oppose Count Eleven of the proposed amended complaint, violation of the Fair Debt Collection Practice Act, stating that such a claim against the Proposed Defendants is time barred. Under 15 U.S.C. § 1692k(d), "[a]n action to enforce any liability created [under this Act] may be brought . . . within one year from the date on which the violation occurs." Defendants allege that the Proposed Defendants "have been out of the picture since January 2, 2004" when they sold the rights to collect on Plaintiff's debt to Defendant New Century Financial Services. Under those circumstances, any claim Plaintiff had against the Proposed Defendants under the Fair Debt Collection Practice Act expired no later than January 2, 2005 and the current claim is therefore time barred.

In his reply brief, Plaintiff states that Defendants "may not be privy to all communications between [the Proposed Defendants] and [himself] . . . ." But he does not describe or even mention any communications that would support his claim. Thus, Plaintiff has failed to provide any factual allegations to support his assertion that amending his complaint to include Count Eleven would not be futile. Therefore, Plaintiff's motion for leave to amend will be denied with respect to Count Eleven.

**Counts Twelve through Fourteen**

Defendants offer no opposition to Counts Twelve through Fourteen. Thus, Plaintiff will be granted leave to amend his complaint to include those Counts.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend his complaint is granted with respect to Counts Twelve through Fourteen and is denied with respect to Count Eleven. The court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:        December 27, 2005