NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| Roy F. Sutton, | : | |
| Plaintiff, | : | Civ. No. 05-3125 (DRD) |
| v. | : | |
| New Century Financial Services, et. al, | : | **O P I N I O N** |
| Defendants. | : | |

---

Roy F. Sutton
210 Upland Avenue
Galloway, New Jersey 08205

*Plaintiff Pro se*

Steven P. McCabe, Esq.
PRESSLER & PRESSLER
16 Wing Drive
Cedar Knolls, New Jersey 07927

*Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

    *Pro se* Plaintiff, Roy F. Sutton, filed this motion pursuant to L. Civ. R. 7.1(g) requesting the Court to reconsider its denial for leave to amend his complaint with regard to Count Eleven. For the reasons set forth below, this motion will be denied.

## I.  PROCEDURAL HISTORY

Plaintiff filed his Complaint on June 20, 2005 alleging violations of the Fair Debt Collection Practice Act, violations of 42 U.S.C. § 1983, breach of an insurance contract, and breach of the implied covenant of good faith and fair dealing.  On July 28, 2005, the Defendants against whom the § 1983 claims were alleged filed a motion to dismiss.  On September 15, 2005, that motion was granted and the complaint against those defendants was dismissed.  In the meantime, on August 9, 2005, the remaining Defendants, New Century Financial Services, Pressler & Pressler, Gerard Felt, and Steven McCabe, filed their Answer.  Plaintiff filed a motion to amend his complaint. On December 27, 2005, that motion was granted with respect to Counts Twelve through Fourteen and denied with respect to Count Eleven.   Plaintiff now moves for reconsideration such that he may add Count Eleven.

## II.  BACKGROUND

The factual background is set forth in the Opinion filed on December 27, 2005.  Plaintiff now seeks to submit as evidence in support of Count Eleven a demand letter from the Law Offices of Laurence A. Heckler dated January 11, 2005.

## III.  DISCUSSION

**Standard of Review**

A motion for reconsideration is governed by L. CIV. R. 7.1(g).  Such motions are granted sparingly, Bowers v. NCAA, 130 F. Supp. 2d 610 (D.N.J. 2001), and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.  McGarry v. Resolution Trust Corp., 909 F. Supp. 241, 244 (D.N.J. 1995).  A motion

for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

**Count Eleven**

On this motion to reconsider, Plaintiff seeks to enter as evidence a demand letter from the Law Offices of Laurence A. Heckler, dated January 11, 2005, to demonstrate that his claim is not time barred by the one year statute of limitations under 15 U.S.C. § 1692k(d).  Evidence that was available but not submitted in support of the original motion, however, will not be considered. Polizzi Meats, Inc. V. Aetna Life & Casualty Co., 931 F. Supp 328, 338-339 n.2 (D.N.J. 1996). Furthermore, "[a party] cannot withhold data or detail in connection with the [original] Motion[,] . . . wait for a decision on that motion and then attempt to dissect the decision and submit information which should have been presented earlier."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 535 (D.N.J. 1998).

Plaintiff's motion for leave to amend was denied with respect to Count Eleven "for failing to provide any factual allegations to support his assertion that amending his complaint to include Count Eleven would not be futile."  (Opinion dated 12/27/05).  The demand letter that Plaintiff seeks to submit was issued on January 11, 2005, eleven months prior to the filing of his Motion for Leave to Amend the Complaint and thus may have been sufficient to show that his claim was not time barred.  Plaintiff, however, failed to include the letter as evidence when he filed his Motion on November 21, 2005.  Moreover, even after the Defendant argued in its

Answer that the one year statute of limitations of the Fair Debt Collection Practice Act had run, Plaintiff still failed to attach the demand letter to his Reply Brief.  As the demand letter was previously available and the Plaintiff failed to attach it to either his original brief in support of his motion to amend his complaint or his reply brief, it will not now be considered.

Furthermore, even if the letter were considered it is questionable whether such evidence would be sufficient to show that the addition of Count Eleven would not be futile.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied with respect to Count Eleven.  The court will enter an order implementing this opinion.


                                        /s/ Dickinson R. Debevoise
                                        DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:          February 27, 2006