NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------
Roy F. Sutton,                              :
                                            :
    Plaintiff,                             :    Civ. No. 05-3125 (DRD)
                                            :
    v.                                      :
                                            :
New Century Financial Services, et. al,     :    **O P I N I O N**
                                            :
    Defendants.                             :
                                            :
------------------------------------------------------

Roy F. Sutton
210 Upland Avenue
Galloway, New Jersey 08205

*Plaintiff Pro se*

Andrew M. Schwartz, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA 19103

*Attorney for Defendant Laurence A. Hecker*

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff filed his complaint with this Court on June 20, 2005 alleging violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 et al., violations of 42 U.S.C. § 1983, breach of an insurance contract, and breach of the implied covenant of good faith and fair

1

dealing. On July 28, 2005, the Defendants against whom the § 1983 claims were alleged filed a motion to dismiss. On September 15, 2005, that motion was granted and the complaint against those defendants was dismissed. In the meantime, on August 9, 2005, the remaining Defendants, New Century Finanacial Services, Pressler & Pressler, Gerard Felt, and Steven McCabe, filed their Answer.

On November 18, 2005, Plaintiff filed a motion to amend his complaint, seeking to add four additional counts including, among others, a count alleging violations of the FDCPA against Defendants, TJA/ALLSERVE, the law firm of Laurence A. Hecker, and Laurence A. Hecker individually, ("the Hecker Defendants"). As to that count, Plaintiff's motion was denied on December 27, 2005 because Plaintiff had failed to describe or even mention any communications from the Hecker Defendants that could have constituted a violation of the FDCPA. On January 5, 2006 Plaintiff filed a motion for reconsideration. That motion was denied on February 27, 2006.

Presently before the court is Plaintiff's second motion to amend his complaint. Plaintiff once again seeks to include a count alleging violations of the FDCPA against the Hecker Defendants. For the reasons set forth below, Plaintiff's motion will be denied.

## II. DISCUSSION

**Standard for Leave to Amend under Fed. R. Civ. P. 15(a)**

Under Fed. R. Civ. P. Rule 15(a), a party should be granted leave to amend its pleading when justice so requires. The Third Circuit has consistently held that "leave to amend should be granted freely . . . and court[s] should use 'strong liberality' in considering whether to grant leave

to amend." Dole v. Arco Chemical Co., 921 F.2d 484, 486-487 (3d Cir. 1990)(citations omitted). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. Id.  However, such liberality is not limitless.  Several factors weigh against granting leave to amend.  Those factors include, undue delay, bad faith, undue prejudice and futility of amendment.

Futility of amendment is defined as the inability to survive a motion to dismiss.  Oran v. Stafford, 226 F. 3d 275, 291 (3d Cir. 2000).  Thus evaluating futility involves application of the same standard of legal sufficiency that applies under Rule 12(b)(6).

**Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73.  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

**Violation of the Fair Debt Collection Practice Act**

Plaintiff argues that since his first motion to amend the complaint, the Hecker Defendants have continued to communicate with him in violation of the FDCPA,15 U.S.C. § 1692d(5). Section 1692d(5) states that a debt collector shall not repeatedly or continuously call any person

with the intent to annoy, abuse, or harass that person.

Plaintiff's proposed amended complaint cites two incidents that presumably constitute the alleged violation.  First, he alleges that the Hecker Defendants called him on January 10, 2006 and left a message advising him that their was an outstanding debt to be paid and that there was a pending legal matter and that Plaintiff should respond promptly to prevent the matter from going forward.  Second, he alleges that the Hecker Defendants called again on March 16, 2006 and left a similar message.

Such allegations do not sufficiently plead a violation of § 1692d(5) because the two alleged phone calls, placed over a two month period, do not show that the Hecker Defendants made repeated or continuous calls with the intent to annoy, abuse, or harass Plaintiff.  Thus,  it is clear that no relief could be granted even if Plaintiff's factual allegations were true.  Therefore, Plaintiff's proposed amended complaint does not sufficiently plead a violation of the FDCPA against the Hecker Defendants and thus, amendment would be futile.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's second motion for leave to amend his complaint will be denied.  The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:         July 17, 2006