NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| Roy F. Sutton, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 05-3125 (DRD) |
| | : | |
| v. | : | |
| | : | |
| New Century Financial Services, et. al, | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |
| | : | |

---

Roy F. Sutton
210 Upland Avenue
Galloway, New Jersey 08205

*Plaintiff Pro se*

Andrew M. Schwartz, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1845 Walnut Street
17th Floor
Philadelphia, Pennsylvania 19103

*Attorney for Defendant*


**DEBEVOISE, Senior District Judge**

### I. PROCEDURAL HISTORY

Plaintiff filed his Complaint with this Court on June 20, 2005 alleging violations of the

Fair Debt Collection Practice Act, violations of 42 U.S.C. § 1983, breach of an insurance

1

contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. On July 28, 2005, the Defendants against whom the § 1983 claims were alleged filed a motion to dismiss. On September 15, 2005, that motion was granted and the complaint against those defendants was dismissed. In the meantime, on August 9, 2005, the remaining Defendants, New Century Finanacial Services, Pressler & Pressler, Gerard Felt, and Steven McCabe, filed their Answer.

On November 18, 2005, Plaintiff filed a motion to amend his complaint, seeking to add four counts against proposed defendants, Laurence A. Hecker, the law firm of Laurence A. Hecker, ("the Hecker Defendants"), and TJA/ALLSERVE. The proposed claims against the Hecker Defendants included violations of the Fair Debt Collection Practice Act ("FDCPA") and breach of the implied covenant of good faith and fair dealing. As to the alleged violation of the FDCPA, Plaintiff's motion was denied because Plaintiff failed to describe or even mention any communications from the Hecker Defendants that could have constituted a violation of the Act. As to the breach of good faith claim, the Hecker Defendants did not oppose Plaintiff's motion and Plaintiff was therefore permitted to amend his complaint to include that claim. On January 5, 2006 Plaintiff filed a motion for reconsideration. That motion was denied on February 27, 2006.

On June 22, 2006 Plaintiff filed a second motion to amend, alleging further FDCPA violations against the Hecker Defendants. On July 17, 2006, that motion was denied as Plaintiff failed to sufficiently plead any such violations. Presently before the court is the Hecker Defendants' motion for Rule 11 sanctions against Plaintiff.

## II.  BACKGROUND

Plaintiff alleges that he "obtained and maintained two CITIBANK credit cards . . . and concurrently accepted and maintained Credit Disability and Life Insurance coverage for said cards and their outstanding balances." (Am. Compl. ¶¶ 54).  The coverage was provided by CITIBANK subsidiaries through its CREDITSHIELD disability insurance program.  On August 1, 1999, Plaintiff was involved in a motor vehicle accident and became disabled.  Subsequently, Plaintiff exercised the credit disability coverage.  Plaintiff alleges that CREDITSHIELD failed to make timely and/or complete payments on Plaintiff's credit card liability.  Thus, Plaintiff incurred late fees and increased interest payments.  Sometime thereafter, the account was closed and the remaining balance was placed in collection.

Although it is unclear from the amended complaint, it appears that Plaintiff's debt was eventually sold to secondary creditors and a portion of it was ultimately assigned to the Hecker Defendants.

## III.  DISCUSSION

**Standard for imposing Rule 11 sanctions**

>Fed. R. Civ. P. 11(b) provides in pertinent part:
>
>By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
>(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

Fed. R. Civ. P. 11(c) states that if "the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the . . . parties that have violated subdivision (b) . . . ." Generally, the district court has broad discretion in determining what, if any, sanction is appropriate. See <u>Whitehead v. Food Max of Miss., Inc.</u>, 332 F.3d 796, 802-03 (5th Cir. 2003).

**<u>Plaintiff's claims against the Hecker Defendants</u>**

Count eleven of Plaintiff's amended complaint states that the Hecker Defendants breached the implied covenant of good faith and fair dealing. However, the amended complaint provides no factual allegations as to the Hecker Defendants involvement in the case. The amended complaint does not explain what the Hecker Defendants did or how their actions constitute a breach of the implied covenant of good faith and fair dealing.

Moreover, the amended complaint fails to demonstrate that such a covenant even existed between Plaintiff and the Hecker Defendants as it contains no allegation that the two parties ever entered into a contract together. "Absent evidence of a contract, there can be no breach of an implied covenant of good faith." <u>Fregara v. Jet Aviation Bus. Jets</u>, 764 F. Supp. 940, 954 (D.N.J. 1991).

**<u>Sanctions</u>**

The Hecker Defendants argue that Plaintiff should be sanctioned because his claim

against them is without merit and intended only to harass them.  Moreover, the Hecker Defendants argue that Plaintiff failed to reasonably investigate the law and facts supporting his allegations.  The Hecker Defendants seek an order dismissing the amended complaint and enjoining Plaintiff from filing any similar actions against them in the future.  They also seek attorney fees and costs.

As it is clear that Plaintiff has failed to state a claim against the Hecker Defendants, dismissal of Plaintiff's claim against them is appropriate.  However, as there is no evidence of malicious intent or pervasive harassment, and given Plaintiff's pro se status, any further sanction would be unduly harsh.  Thus, Plaintiff's claim against the Hecker Defendants will be dismissed.

### IV.  CONCLUSION

For the reasons set forth above, the Hecker Defendants' motion will be granted to the extent that count eleven of Plaintiff's amended complaint will be dismissed with prejudice as to the Hecker Defendants.  Their motion will be denied with regard to any further sanctions.  The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:          September 11, 2006