NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------
ROY F. SUTTON,                          :
                                        :
    Plaintiff,                          :          Civ. No. 05-3125 (DRD)
                                        :
    v.                                  :
                                        :
NEW CENTURY FINANCIAL                   :          **O P I N I O N**
SERVICES, et al.                        :
                                        :
    Defendants.                         :
                                        :
---------------------------------------------------------

Roy F. Sutton
210 Upland Avenue
Galloway, New Jersey 08205

*Plaintiff pro se*


PRESSLER & PRESSLER, LLP
Steven P. McCabe, Esq.
16 Wing Drive
Cedar Knolls, New Jersey 07927

*Attorney for Defendants New Century Financial Services, Pressler & Pressler, Gerard J. Felt, and Steven P. McCabe.*


**DEBEVOISE, Senior District Judge**

I.  **PROCEDURAL HISTORY**

    Plaintiff filed his complaint with this Court on June 20, 2005 alleging violations of the

1

Fair Debt Collection Practice Act ("FDCPA"), violations of 42 U.S.C. § 1983, breach of an insurance contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing (the "Complaint").  On July 28, 2005, the Defendants against whom the § 1983 claims were alleged filed a motion to dismiss.  On September 15, 2005, that motion was granted and the complaint against those defendants was dismissed.  In the meantime, on August 9, 2005, the remaining Defendants, New Century Financial Services ("New Century") and Pressler & Pressler, Gerard Felt, and Steven McCabe (the "Pressler Defendants"), filed their answer.

On November 18, 2005, Plaintiff filed a motion to amend his complaint, seeking to add four counts against proposed defendants, Laurence A. Hecker, the law firm of Laurence A. Hecker, ("the Hecker Defendants"), and TJA/ALLSERVE.  The proposed claims against the Hecker Defendants included violations of the FDCPA and breach of the implied covenant of good faith and fair dealing.  As to the alleged violation of the FDCPA, Plaintiff's motion was denied because Plaintiff failed to describe or even mention any communications from the Hecker Defendants that could have constituted a violation of the Act.  As to the breach of good faith claim, the Hecker Defendants did not oppose Plaintiff's motion and Plaintiff was therefore permitted to amend his complaint to include that claim.  On January 5, 2006 Plaintiff filed a motion for reconsideration.  That motion was denied on February 27, 2006.

On June 22, 2006 Plaintiff filed a second motion to amend, alleging further FDCPA violations against the Hecker Defendants.  On July 17, 2006, that motion was denied as Plaintiff failed to sufficiently plead any such violations.  On August 17, 2006, the Hecker Defendants filed a motion for Rule 11 sanctions against Plaintiff.  By order dated September 11, 2006, Defendants' motion was granted to the extent that count eleven of Plaintiff's amended complaint

was dismissed with prejudice as to the Hecker Defendants and was denied with regard to any further sanctions.

Plaintiff now moves pursuant to Fed. R. Civ. P. 21 for leave to amend the Complaint by dropping defendant Gerard J. Felt and adding Manny Barbosa.

## II.  BACKGROUND

The facts of this case were detailed in this court's prior opinion dated September 11, 2006 and need not be repeated here.

## III.  DISCUSSION

**Standard for Leave to Amend Under Fed. R. Civ. P. 15(a)**

Although Plaintiff seeks to drop one party and add another pursuant to Rule 21, the same standards apply under Rules 15(a) and 21.  Wolfson v. Lewis, 168 F.R.D. 530, 533 (E.D.Pa. 1996).

Under Fed. R. Civ. P. 15(a), a party should be granted leave to amend its pleading when justice so requires.  The Third Circuit has consistently held that "leave to amend should be granted freely . . . and court[s] should use 'strong liberality' in considering whether to grant leave to amend."  Dole v. Arco Chemical Co., 921 F.2d 484, 486-487 (3d Cir. 1990)(citations omitted). Such an approach ensures that a claim will be decided on the merits rather than on technicalities. Id.  However, such liberality is not limitless.  Several factors weigh against granting leave to amend.  Those factors include, undue delay, bad faith, undue prejudice and futility of amendment.

Plaintiff claims that in "the proposed Amended Complaint, Mr. Barbosa is pled as the

3

correct party who obtained judgment against me in the state arbitration action." (Pl.'s Reply Br. 1). In the proposed amended complaint, paragraph 7 states: "[d]efendant Manny Barbosa originally obtained judgment against plaintiff in the state court system without jurisdiction, notice and contrary to the N.J. Court Rules and on behalf of New Century Financial Services and contrary to FDCPA."

New Century and the Pressler Defendants argue that Plaintiff's motion should be denied because: (1) Plaintiff's motion is based on an erroneous reading of defendants' initial disclosures; and (2) Plaintiff believes Manny Barbosa was an attorney for Pressler & Pressler, rather then a former employee of New Century.

Although Defendants may in fact be correct, they present no evidence of any of the factors listed above against granting leave to amend. Furthermore, in light of the liberal standard allowing a plaintiff to amend a complaint, the court will allow Plaintiff to amend the Complaint to drop Gerard Felt and add Manny Barbosa. If they so choose, Defendants will have the opportunity to contest the allegations in a motion to dismiss.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend the Complaint will be granted. The court will enter an order implementing this opinion.

                                            /s/ Dickinson R. Debevoise
                                            DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:      December 11, 2006