NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------
ROY F. SUTTON,                                :
                                              :
    Plaintiff,                                :     Civ. No. 05-3125 (DRD)
                                              :
    v.                                        :
                                              :
NEW CENTURY FINANCIAL                         :     **O P I N I O N**
SERVICES, PRESSLER & PRESSLER,                :
MANNY BARBOSA, STEVEN P.                      :
McCABE, and TJA/ALLSERVE,                     :
                                              :
                                              :
    Defendants.                               :
                                              :
---------------------------------------------------------

Roy F. Sutton
210 Upland Avenue
Galloway, New Jersey 08205

*Plaintiff pro se*

PRESSLER & PRESSLER, LLP
Steven P. McCabe, Esq.
16 Wing Drive
Cedar Knolls, New Jersey 07927

*Attorney for Defendant*s *New Century Financial Services, Pressler & Pressler, Manny Barbosa, and  Steven P. McCabe.*


**DEBEVOISE, Senior District Judge**

**I.  PROCEDURAL HISTORY**

1

*Pro se* plaintiff, Roy F. Sutton ("Plaintiff"), filed his complaint with this Court on June 20, 2005 alleging violations of the Fair Debt Collection Practice Act ("FDCPA"), violations of 42 U.S.C. § 1983, breach of an insurance contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. On July 28, 2005, the defendants against whom the § 1983 claims were alleged filed a motion to dismiss. On September 15, 2005, that motion was granted and the complaint against those defendants was dismissed. In the meantime, on August 9, 2005, the remaining defendants, New Century Financial Services ("New Century") and Pressler & Pressler, Gerard Felt, and Steven McCabe, filed their answer.

On November 18, 2005, Plaintiff filed a motion to amend his complaint, seeking to add four counts against proposed defendants, Laurence A. Hecker, the law firm of Laurence A. Hecker, ("the Hecker Defendants"), and TJA/ALLSERVE. The proposed claims against the Hecker Defendants included violations of the FDCPA and breach of the implied covenant of good faith and fair dealing. As to the alleged violation of the FDCPA, Plaintiff's motion was denied because Plaintiff failed to describe or even mention any communications from the Hecker Defendants that could have constituted a violation of the Act. As to the breach of good faith claim, the Hecker Defendants did not oppose Plaintiff's motion and Plaintiff was therefore permitted to amend his complaint to include that claim. On January 5, 2006 Plaintiff filed a motion for reconsideration. That motion was denied on February 27, 2006.

On June 22, 2006, Plaintiff filed a second motion to amend, alleging further FDCPA violations against the Hecker Defendants. On July 17, 2006, that motion was denied as Plaintiff failed to sufficiently plead any such violations. On August 17, 2006, the Hecker Defendants filed a motion for Rule 11 sanctions against Plaintiff. By order dated September 11, 2006, the Hecker

Defendants' motion was granted to the extent that count eleven of Plaintiff's amended complaint was dismissed with prejudice as to the Hecker Defendants and was denied with regard to any further sanctions.

On November 13, 2006, Plaintiff filed a third motion to amend his complaint by dropping defendant Gerard J. Felt and adding Manny Barbosa. By order dated December 11, 2006, that motion was granted. On January 25, 2007, Plaintiff filed an amended complaint naming as defendants New Century Financial Services ("New Century"), Pressler & Pressler, Manny Barbosa, Steven McCabe ("McCabe") and TJA/ALLSERVE[1] (the "Complaint").

The following counts are alleged in the Complaint[2]: (1) Count One- violation of the FDCPA, § 1692 against New Century, Pressler & Pressler, and Manny Barbosa; (2) Count Two- breach of fiduciary duty by broker/agent against New Century; (3) Count Three- breach of fiduciary duty by insurer against New Century; (4) Count Four- breach of implied covenant of good faith and fair dealing against New Century and Pressler & Pressler; (5) Count Five- violation of the FDCPA, § 1692 against New Century and Pressler & Pressler; (6) Count Six- breach of fiduciary duty by broker/agent against New Century; (7) Count Seven- breach of fiduciary duty by insurer against New Century; (8) Count Eight- breach of implied covenant of good faith and fair dealing against New Century and Pressler & Pressler; (9) Count Nine- breach of fiduciary duty by broker/agent against TJA/ALLSERVE; and (10) Count Ten- breach of

---

[1] Defendant TJA/ALLSERVE has not filed an answer or otherwise responded in this action.

[2] The counts in the Complaint are split according to Plaintiff's credit card accounts. Counts 1-4 relate to Plaintiff's GMCard account and Counts 5-10 relate to Plaintiff's Citibank account.

fiduciary duty by insurer against TJA/ALLSERVE.

Plaintiff now moves for partial summary judgment on Counts One, Two, Four, Five, Six, and Eight.[3] Defendants, New Century, Pressler & Pressler, Manny Barbosa, and Steven McCabe ("Defendants"), cross-move for summary judgment on all counts. For the reasons set forth below, Plaintiff's motion will be denied and Defendants' motion will be granted.

## II. BACKGROUND

In or about February 2001, Plaintiff[4] was a cardholder on three credit card accounts: (1) a Household Bank of Nevada GMCard account ending in 5151 (the "GMCard Account"); (2) a Citibank Platinum Select account ending in 0101 (the "Citibank 0101 Account"); and (3) a Citi Platinum Select account ending in 2892 (the "Citibank 2892 Account"). Plaintiff maintained credit protection disability insurance on all three accounts. After becoming totally disabled after open heart surgery, Plaintiff exercised his rights under the disability coverage and the disability insurers made some payments on Plaintiff's accounts. In or about January 2002, all three accounts were closed and placed in collections.

Defendant New Century is a New Jersey corporation which purchases past due consumer credit and other accounts. On or about January 6, 2004, New Century purchased the GMCard Account and referred it to Pressler & Pressler for collection. (Aff. of Aaron Avoletta at ¶ 2). Thereafter, suit was filed against the Plaintiff in the Superior Court of New Jersey, Atlantic

---

[3]Plaintiff frames his motion as seeking "summary judgment, as to liability . . . ." (Pl.'s Br. 1).

[4]Plaintiff is not an attorney and is a consumer as defined in the FDCPA.

4

Special Civil Part under Docket No. DC-005702-04 (the "state court action"). (Id.). In response to the complaint, Plaintiff filed an answer and counterclaim in which he alleged conspiracy to defraud, wrongful collection and intentional infliction of emotional distress. (Id. at ¶ 3). When the matter was scheduled for mandatory arbitration, Plaintiff dismissed his counterclaim. (Id.). Plaintiff did not appear at the arbitration, and the arbitrators awarded New Century $4,1014.64 on March 24, 2005. (Id.). Upon a motion to confirm the award, judgment was entered against Plaintiff in the amount of $4,226.62. (Id.).

On or about July 20, 2004, New Century purchased the Citibank 2892 Account and referred it to Pressler & Pressler for collection. (Id. at ¶ 4). This account was never put into suit. (Id.).

New Century was not the original creditor and did not take any direct collection efforts against Plaintiff and did not send any notices or correspondence, or make any telephone calls to him. (Id. at ¶ 5-6).

In connection with the GMCard Account, New Century directed its employee, Manny Barbosa ("Barbosa"), to appear and testify at the arbitration hearing as to its books and records. (Id. at ¶ 7). Subsequent to the hearing, Barbosa terminated his employment with New Century. (Id. at ¶ 8). Barbosa's only connection with the GMCard Account and the Citibank 2892 Account was to familiarize himself with the accounts, prepare to testify, and to travel to testify at the arbitration hearing. (Aff. of Manny Barbosa at ¶ 3).

Defendant McCabe is a member of Pressler & Pressler and represented New Century in the state court action. (McCabe Aff. at ¶ 1). No count in the Complaint refers to McCabe and

5

there is no request for relief as to McCabe.[5]

### III.  DISCUSSION

A.  **Standard of Review**

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson, 477 U.S. at 255).

---

[5]Although McCabe is named as a defendant, there are no claims in any counts of the Complaint against him. In his opposition papers, Plaintiff concedes this fact and states that McCabe "was inadvertently dropped from Count One in error in the Second amended complaint" and that "[a]n amendment would correct the error, by leave and with the court's indulgence." (Pl.'s Opp. Br. 4). Because the court finds that there is no evidence that McCabe was a "debt collector" as defined by 15 U.S.C. § 1692a(6), amendment would be futile. Additionally, at this stage of the litigation and where Plaintiff has been granted three opportunities to amend his Complaint, permitting further amendment would cause undue delay and prejudice Defendants. Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000) ("[A] District Court may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.").

### B.     The FDCPA Claims

Counts One and Five allege violations of the FDCPA by New Century, Pressler & Pressler, and Manny Barbosa.  Plaintiff seeks: (1)  an order enjoining Defendants from communicating to Plaintiff; (2) damages pursuant to 15 U.S.C.A. 1692k(a)(1) and 15 U.S.C.A. 1692k(a)(2)(A); and (3) costs and attorney fees pursuant to 15 U.S.C.A. 1692k(a)(3) "upon substitution."  (Compl. ¶ 38, 67).

As an initial matter, Plaintiff concedes that as a non-attorney proceeding *pro se*, he cannot recover attorney's fees.  (Pl.'s Opp. Br. 8); see Padilla v. Payco Gen. Am. Credits, Inc., 161 F. Supp. 2d 264, 277 n.20 (S.D.N.Y. 2001).  Additionally, Plaintiff concedes that he is not entitled to injunctive relief under the FDCPA.  (Pl.'s Opp. Br. 8); see Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004) ("injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA").

Plaintiff alleges that New Century, Pressler & Pressler and Manny Barbosa are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and that they "acted in a false, deceptive, misleading and unfair manner by sending debt collections communications which misrepresented the amount, legal status and enforceability of the alleged debt" pursuant to 15 U.S.C. § 1692e(2)(A) and (B), § 1692e(4), § 1692e(5), and § 1692e(10).  (Compl. ¶ 34, 63).  Plaintiff also alleges that New Century, Pressler & Pressler and Barbosa "exercised unfair and unconscionable means to collect or attempt to collect certain expenses as part of the debt that were not expressly authorized by the credit card agreement" pursuant to 15 U.S.C. § 1692f(1).  (Compl. ¶ 35, 64).

Under 15 U.S.C. § 1692a(6), a "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). As it is uncontested that New Century did not take any direct collection efforts against Plaintiff and did not send any notices or correspondence, or make any telephone calls to him, it is not a "debt collector" under the FDCPA. Additionally, because Barbosa's only connection with the accounts was to familiarize himself with the accounts, prepare to testify, and to travel to testify at the arbitration hearing, he is not a "debt collector" under the FDCPA. Therefore, summary judgment will be granted as to New Century and Barbosa on Counts One and Five.

As for Pressler & Pressler, it is uncontested that it is a "debt collector" under the FDCPA. However, Plaintiff has failed to present any evidence that Pressler & Pressler used any false, deceptive, or misleading representation or means in collection of the debt (15 U.S.C. § 1692e) or used unfair or unconscionable means to collect or attempt to collect the debt (15 U.S.C. § 1692f).

From what the court can glean from Plaintiff's brief, he relies on a collection letter sent to Plaintiff by Pressler & Pressler on July 21, 2004 (the "July 21, 2004 Letter") and a letter containing supplemental discovery responses sent to Plaintiff by Pressler & Pressler on March 26, 2007 (the "March 26, 2007 Letter") to support his FDCPA claims. (Pl.'s Br. 11). The July 21, 2004 Letter states, in part, the following:

8

> This is to notify you that your delinquent Account . . . which was previously owed to CITBANK ¶ CREDIT CARD has been purchased by NEW CENTURY FINANCIAL SERVICES, INC. and has been referred to the Law Firm of Pressler and Pressler for collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you. Make your check payable to CITIBANK ¶ CREDIT CARD and include your file number S129642 and remit to: Pressler & Pressler . . . If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us. Please note that although this communication is on the letterhead of a law firm, you are advised that it is not intended to imply that an attorney has reviewed all the details of your file. This office is relying upon the representation of the creditor that you owe the amount claimed. If this is not true, please advise this office.

The court finds that nothing in this notice letter violates: 1) 15 U.S.C. § 1692e(2)(A) (false representation of the character, amount, or legal status of any debt); 2) § 1692e(2)(B) (false representation of any services rendered or compensation which may be received by a debt collector); 3) § 1692e(4) (representation or implication that nonpayment of a debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages unless such action is lawful); 4) § 1692e(5) (threat to take any action that cannot legally be taken); 5) § 1692e(10)(use of any false representation or deceptive means to collect any debt); or 6) § 1692f(1) (collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law).

Similarly, the court finds that the March 26, 2007 Letter does not violate those sections of the FDCPA. The March 26, 2007 Letter contains supplemental discovery responses regarding the credit card accounts. Although Plaintiff contends that "defendants have continued on with misleading filings" and that the amounts relating to the Citibank 2892 Account represented in the March 26, 2007 Letter are "inconsistent," Plaintiff has failed to present any evidence that Pressler

9

& Pressler used any false, deceptive, or misleading representation or used unfair or unconscionable means to collect the debt. Therefore, summary judgment will be granted as to Pressler & Pressler on Counts One and Five.

**C.     Plaintiff's State Law Claims**

A district court has supplemental jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction over a plaintiff's remaining state law claims "is committed to the sound discretion of the district court." Queen City Pizza, Inc. v. Domino's Pizza, Inc., 124 F.3d 430, 444 (3d Cir. 1997). The court must focus on "whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity." Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

Here, Counts Two, Three, Four, Six, Seven, Eight, Nine, and Ten all allege state law claims. Because there is no evidence that dismissal of these claims would be unfair to the parties or waste judicial resources, the court will exercise its discretion under 28 U.S.C. § 1367(c)(3) and dismiss the remainder of the action without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment will be denied and Defendants' motion for summary judgment will be granted as to Count One and Count Five. The court will exercise its discretion under 28 U.S.C. § 1367(c)(3) and dismiss the remainder of

the action without prejudice.  The court will enter an order implementing this opinion.


                                            /s/ Dickinson R. Debevoise
                                            DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:       June 11, 2007